FILED
United States Court of Appeals
Tenth Circuit

February 3, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MELODY RAMSEY,

        Plaintiff - Appellant,

v.

ERIC K. SHINSEKI,

        Defendant - Appellee.

No. 08-1458

(D. Colorado)

(D.C. No. 1:07-CV-01793-WYD-KMT)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **HARTZ**, and **O'BRIEN**, Circuit Judges.

---

Melody Ramsey appeals pro se from a district-court order granting the motion to dismiss of the defendant, the Secretary of the United States Department of Veterans Affairs.[1] The Secretary has moved to dismiss this appeal as untimely.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]The complaint names the defendant as R. James Nicholson, the Secretary of Veterans Affairs. On appeal, former Acting Secretary of Veterans Affairs Gordon H. Mansfield was substituted as the defendant. The answer brief of the Secretary states, "On January 21, 2009, Eric K. Shinseki was sworn in as the Secretary of the Department of Veterans Affairs, and should be substituted as the

(continued...)

We agree that Ms. Ramsey's appeal is untimely as to all but the order denying her motion for a stay of execution. We therefore dismiss the appeal except insofar as she appeals that order. On the merits of the denial of a stay of execution, we affirm the district court.

## I.     BACKGROUND

On August 24, 2007, Ms. Ramsey filed a complaint against the Secretary alleging that she was discriminated against on the basis of race, color, religion, sex, age, disability, and national origin. She invoked numerous statutes, including Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Freedom of Information Act, and the Racketeer Influenced and Corrupt Organizations Act. The gist of her complaint appears to be that veterans benefits were improperly denied to members of her family.

The Secretary moved to dismiss on a number of grounds. Adopting the recommendation of the magistrate judge, the district court granted the Secretary's motion on August 26, 2008. On September 9 Ms. Ramsey filed a motion to alter or amend judgment (which the district court treated as a motion under Fed. R.

---

[1](...continued)
named defendant pursuant to Fed. R. App. P. 43(c)(2)." Aplee. Br. at 1. That provision states in relevant part: "When a public officer who is a party to an appeal or other proceeding in an official capacity . . . ceases to hold office, the action does not abate. The public officer's successor is automatically substituted as a party." Fed. R. App. P. 43(c)(2). We therefore substitute Eric K. Shinseki as the defendant.

Civ. P. 60(b)) and a motion to reassign the case to another judge. Both motions were denied on September 19. Ms. Ramsey then filed on October 6 a motion to stay execution of judgment, which the district court denied as moot on October 28. On November 24 she filed a notice of appeal from the August 26 grant of the Secretary's motion to dismiss "and the interim judgments and decisions and the post judgment denials . . . and other improprieties in the District Court through and including but not limited [sic] October 30, 2008." R., Doc. 55 at 1. We will treat her notice of appeal as encompassing all the above-mentioned orders. On appeal she also complains that the district court treated as a Rule 60(b) motion her motion to alter or amend judgment.

## II. DISCUSSION

This court lacks jurisdiction to hear an untimely appeal in a civil case. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). Under 28 U.S.C. § 2107(b), when the United States or one of its agencies is a party, the notice of appeal must be filed within 60 days of entry of judgment. *See also* Fed. R. App. P. 4(a)(1)(B). But the timely filing of certain motions in the district court tolls the 60-day period. *See* Fed. R. App. P. 4(a)(4)(A).

In this case, judgment was entered on August 26, 2008. But because Ms. Ramsey filed a motion to alter or amend judgment on September 9, within 10 days of the date judgment was entered (excluding Saturdays, Sundays, and legal holidays, *see* Fed. R. Civ. P. 6(a)(2) (2008)), the time for appeal was tolled until

the court denied the motion on September 19, *see* Fed. R. App. P. 4(a)(4)(A)(vi) (2008) (tolling time for appeal until disposition of motion under Fed. R. Civ. P. 59); Fed. R. Civ. P. 59(e) (motion to alter or amend judgment may be filed within 10 days of entry of judgment).  Ms. Ramsey thus had until November 18 to file her notice of appeal with respect to both the judgment dismissing her case and the September 19 order denying her motions to alter or amend the judgment and to reassign the case to another judge.  Her notice of appeal was not filed, however, until November 24, 2008.  Therefore, we must dismiss her appeal of the judgment and the September 19 order.

There remains Ms. Ramsey's October 6, 2008, motion to stay execution of judgment, which the district court denied as moot on October 28.  She had 60 days from that date to appeal the order, so her notice of appeal was timely with respect to that order.  We therefore have jurisdiction to address the merits of the order.

We agree with the district court that Plaintiff's motion to stay execution of judgment was moot.  Ms. Ramsey's case had been dismissed.  No relief was awarded to either party.  There was nothing that the Secretary sought to execute and therefore nothing to be stayed.

We note that Ms. Ramsey complains that the district court treated her motion to alter or amend judgment as a Rule 60(b) motion instead of as a Rule 59(e) motion.  But this issue is inconsequential.  Ms. Ramsey's appeal of the

order denying her motion was untimely regardless of whether it was a Rule 59(e) motion or a Rule 60(b) motion.

## III. CONCLUSION

We AFFIRM the district court's denial of Ms. Ramsey's motion to stay execution of judgment. We DISMISS for lack of jurisdiction her appeal of the judgment and all other orders of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge